IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| WILLIE NORTON, | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV505-076 |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR592-29) |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Willie Norton ("Norton"), an inmate currently incarcerated at the United States Penitentiary in Jonesville, Virginia, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent filed a Motion to Dismiss, and Norton filed a Response. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a jury trial, Norton was convicted in this Court of conspiracy, use of a firearm, use of a firearm during a drug trafficking offense or crime of violence, violation of the Travel Act, and conspiracy to commit a violent crime. Norton was sentenced to life imprisonment plus forty-five(45) years. (Doc. No. 3, p. 1.) Norton filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Reese, 67 F.3d 902 (11th Cir. 1995). Norton then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This Court dismissed Norton's motion as time barred pursuant to the applicable statute of limitation. Norton filed another section 2255

AO 72A
(Rev. 8/82)

motion; the Government moved to dismiss his motion, claiming that the motion was barred by the successive petition restrictions applicable to § 2255 motions. Norton moved to withdraw his motion, and this Court granted that motion.

In the instant motion, Norton contends that he is entitled to receive the benefit of an extended statute of limitation period based on recently recognized rights. Norton asserts that the United States Supreme Court's decisions in <u>Dodd v. United States</u>, 543 U.S. 353, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005), and <u>Dretke v. Haley</u>, 541 U.S. 386, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004), allow for the filing of a section 2255 motion based on the statute of limitation period found in 28 U.S.C. § 2255, ¶6(4). Norton avers that he is actually and factually innocent of committing the offenses for which this Court sentenced him or for which this Court enhanced his sentence. Norton also avers that he received a sentence in excess of the statutory maximum, which violates the Supreme Court's decision in <u>Booker v. United States</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

Respondent asserts that this Court should dismiss Norton's motion because the Eleventh Circuit has not permitted him to file a successive section 2255 motion. Respondent avers that Norton's motion is untimely because he did not file it within one year of his conviction becoming final. Respondent also avers that <u>Booker</u> does not apply retroactively to cases on collateral review, and, as a result, Norton is not entitled to his requested relief.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires the movant to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the

2

motion. 28 U.S.C. § 2244(b)(3)(A); <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003). The court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255, ¶8; <u>In re Anderson</u>, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, the district court lacks jurisdiction to consider a movant's second or successive petition. <u>Farris</u>, 333 F.3d at 1216 (citing <u>Hill v. Hopper</u>, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Norton filed a motion to vacate his sentence pursuant to § 2255, which this Court denied as being time-barred on October 16, 1998. (CV598-40, Doc. No. 10.) Norton filed another motion to vacate his sentence pursuant to § 2255; this Court granted Norton's motion to withdraw his motion by Order dated September 18, 2001. (CV501-46, Doc. No. 6.) Norton then filed a motion to void the judgment in his criminal case pursuant to FED. R. CIV. P. 60(b). This Court construed that motion as Norton's third section 2255 motion and dismissed it by Order dated March 10, 2003. (CR592-29, Doc. No. 826.)

Norton has filed the instant § 2255 motion, his fourth, without certification from the Eleventh Circuit Court of Appeals. Without that certification, this Court lacks jurisdiction to consider the motion. Norton's motion should be dismissed. It would be inappropriate to address the alternative ground of Respondent's Motion to Dismiss.

AO 72A
(Rev. 8/82)

**CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 3) be **GRANTED** and that Norton's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)